IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RODRIGUEZ,<br><br>    Petitioner.<br><br>  v.<br><br>JOHN F. SALAZAR, Warden,<br><br>    Respondent.<br>_____/ | No. C 08-03830 CW (PR)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

    Petitioner has requested appointment of counsel in this action.

    The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by

1  limiting it to: (1) capital cases; (2) cases that turn on
2  substantial and complex procedural, legal or mixed legal and
3  factual questions; (3) cases involving uneducated or mentally or
4  physically impaired petitioners; (4) cases likely to require the
5  assistance of experts either in framing or in trying the claims;
6  (5) cases in which petitioner is in no position to investigate
7  crucial facts; and (6) factually complex cases.  See generally 1 J.
8  Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure
9  § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only
10 when the circumstances of a particular case indicate that appointed
11 counsel is necessary to prevent due process violations.  See
12 Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th
13 Cir. 1965).
14     At this early stage of the proceedings the Court is unable to
15 determine whether the appointment of counsel is mandated for
16 Petitioner.  The Court notes that Petitioner has presented his
17 claims adequately in the petition, and no evidentiary hearing
18 appears necessary.  Accordingly, the interests of justice do not
19 require appointment of counsel at this time, and Petitioner's
20 request is DENIED.  This denial is without prejudice to
21 reconsideration should the Court on its own motion find an
22 evidentiary hearing necessary following consideration of the merits
23 of Petitioner's claims.
24     This Order terminates Docket no. 9.
25     IT IS SO ORDERED.
26 Dated: 9/18/08

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CESAR RODRIGUEZ,

        Plaintiff,

v.

JOHN F SALAZAR et al,

        Defendant.

Case Number: CV08-03830 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 18, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cesar Rodriguez F-30844
Chuckwalla Valley State Prison
P.O. Box 2349
Blythe, CA 92226

Dated: September 18, 2008

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk

3