IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR RODRIGUEZ, | No. 08-03830 CW |
| Petitioner, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JIM MACDONALD, Warden, | |
| Respondent. | |

Petitioner Cesar Rodriguez, a prisoner of the State of California incarcerated at the La Palma Correctional Center, Eloy, Arizona, filed this pro se petition for a writ of habeas corpus challenging the validity of his State conviction. Respondent filed an answer with accompanying points and authorities and exhibits, in which he argued that the Petition should be dismissed for failure to exhaust.[1] Petitioner has filed a traverse.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Jim MacDonald is substituted for James Schomig, whom MacDonald succeeded as Warden after the Answer was filed.

# BACKGROUND

On May 5, 2006, Petitioner plead guilty to two counts of lewd and lascivious acts upon a person under the age of fourteen years. (Resp. Exh. B2 at 3, 10.)

At the sentencing hearing on June 2, 2006, the trial court found that Petitioner had prior convictions of increasing seriousness and that the present crime was committed while Petitioner was on probation. (Resp. Exh. B2 at 24-25.) Based on these aggravating factors, the trial court sentenced Petitioner to the upper term of eight years on the first count and a consecutive term of two years on the second count, for an aggregate term of ten years in state prison. (Resp. Exh. B2 at 25.)

On direct appeal to the California court of appeal, Petitioner relied on Apprendi v. New Jersey, 530 U.S. 466 (2000), to argue that the aggravating factors relied upon by the trial court were facts that had to be submitted to a jury and proved beyond a reasonable doubt before they could be used to impose an enhanced sentence. (Resp. Exh. C4 at 2.)

The court of appeal affirmed the sentence, and Petitioner sought review in the California Supreme Court. (Resp. Exh. D1 at 4.) On December 12, 2007, the California Supreme Court denied the petition for review. (Resp. Exh. D2.) On June 30, 2008, Petitioner filed this federal petition for a writ of habeas corpus.

# LEGAL STANDARD

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies,

2

either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court.  28 U.S.C. § 2254 (b), (c); Rose v. Lundy, 455 U.S. 509, 515 (1982).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity "to give the state the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."  Picard v. Connor, 404 U.S. 270, 275 (1971)(citations omitted).  The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. Id.; Peterson v. Lampert, 319 F.3d 1153, 1155 (9th Cir. 2003)(en banc).  A federal district court must dismiss a federal petition containing any claim as to which state remedies have not been exhausted.  Rhines v. Webber, 544 U.S. 269, 273-74 (2005).

## DISCUSSION

Respondent argues that Petitioner has filed a "mixed petition" containing one exhausted claim and four unexhausted claims. Respondent, therefore, asks the Court to dismiss the petition. (Answer at 2.)  Respondent also argues, on the merits of the exhausted claim, that it must be denied.

In his federal habeas corpus petition, Petitioner first raises the Apprendi claim, arguing that his right to a jury and his due process rights were violated when the trial court imposed an enhanced sentence based on facts not submitted to a jury or proved beyond a reasonable doubt.  (Pet. at 4.)  Respondent concedes that this claim is exhausted.  Second, Petitioner alleges ineffective

3

assistance of counsel based on his trial attorney's failure to explain to him that he could receive a ten year sentence if he plead guilty. (Pet. at 4.) Third, he alleges that the trial court violated his constitutional rights by denying his request for a new attorney. (Pet. at 5.) Fourth, he alleges that the prosecution violated his constitutional rights by using the victim's perjured statements. Id. Fifth, he alleges that the trial court erred by considering prior crimes of which he had only been accused but not convicted. Id.

The latter four claims were not included in his petition for review in the California Supreme Court.

Petitioner claims that in July, 2006 he filed a habeas corpus petition in California superior court. (Pet. at 4.) Petitioner alleges that he raised claims one, two, and four in that petition. Id. Petitioner did not submit a copy of such a petition or of the court's ruling on it but he did provide a case number. (Pet. at 4.) Respondent indicates that he searched for this petition but could not find it or any record substantiating Petitioner's claim that he filed a state habeas corpus petition. (Resp. Exh. E.)[2] Respondent does not dispute that Petitioner may have filed a petition in California superior court, but he was unable to find any record that such a petition was reviewed by the California court of appeal or the California Supreme Court. The Court has

---

[2] Exhibit E is a print out of Respondent's search results from the California courts' website. The website has an online database cataloging cases filed in the California courts. Respondent searched the site using Petitioner's name but did not find any record of a habeas corpus petition in the California Court of Appeal or the California Supreme Court.

4

found no record of the petition or the case number provided by Petitioner.

Thus, there is no evidence that the California Supreme Court had a fair opportunity to rule on the merits of claims two, three, four and five. Petitioner's Apprendi claim, however, was fairly presented to the California Supreme Court and is an exhausted claim. Thus, Petitioner has filed a "mixed petition" composed of one exhausted claim and four unexhausted claims.

A district court must dismiss "mixed petitions" containing both exhausted and unexhausted claims. Rose, 455 U.S. at 522. Before entering a judgment of dismissal, however, a district court must provide a petitioner with an opportunity to amend the "mixed petition" by striking his unexhausted claims. Jefferson v. Budge, 491 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277 (2005). Alternatively, a court may stay the "mixed petition" while the petitioner returns to state court to exhaust the unexhausted claims. Rhines, 544 U.S. at 277.

Accordingly, Petitioner may chose either to (1) amend his petition by deleting his unexhausted claims and proceed only with his exhausted claim or (2) request a stay of his petition while he exhausts his unexhausted claims in state court. Petitioner is advised, however, that if he strikes the unexhausted claims and proceeds only with the exhausted claim, the abuse of writ doctrine will bar him from raising the unexhausted claims in future federal habeas proceedings. If Petitioner exhausts his unexhausted claims by way of a state habeas petition, Petitioner may then return to federal court on all of his exhausted claims.

5

Within fourteen days of the date of this order, Petitioner must submit a request to dismiss his unexhausted claims and proceed with his exhausted <u>Apprendi</u> claim or a request to stay the petition while he returns to state court to exhaust his unexhausted claims. If he does neither, the Court will dismiss the petition for failure to exhaust State judicial remedies.

IT IS SO ORDERED.

Dated: 11/2/2010

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CESAR RODRIGUEZ,

    Plaintiff,

v.

JOHN F SALAZAR et al,

    Defendant.

Case Number: CV08-03830 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 2, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Cesar Rodriguez F-30844
Suni A202
La Palma Correctional Center
5501 N. LaPalma Rd.
Eloy, AZ 85131

Dated: November 2, 2010

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

7